# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JAMMY THOMAS,** ) | |
| ) | **Civil Action No.:** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **GREENWAY AUTOMOTIVE, INC.,** ) | |
| **D/B/A TEAM ONE CHEVROLET OF** ) | |
| **GADSDEN AND MEIGHAN AUTO** ) | |
| **ACQUISITIONS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Comes now Plaintiff, Jammy Thomas ("Plaintiff" or "Mr. Thomas"), by and through his undersigned counsel, hereby files this Complaint for relief against the Defendant Greenway Automotive, Inc. d/b/a Team One Chevrolet of Gadsden ("Greenway") and Defendant Meighan Auto Acquisitions, Inc. (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## NATURE OF THE CASE

1. This is a lawsuit brought by the Plaintiff, Jammy Thomas, seeking permanent relief from unlawful discriminatory and retaliatory practices committed against him by Defendant Greenway Automotive, Inc. d/b/a Team One Chevrolet of

1

Gadsden ("TOC") and Defendant Meighan Auto Acquisitions, Inc. The discriminatory and retaliatory practices committed by the Defendants violate Plaintiff's rights secured by:

- a. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*; and

- b. Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981 a, *et seq*; and

- c. 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981, *et seq.*

3. Plaintiff timely filed a charge of discrimination against Defendant Greenway Automotive, Inc. d/b/a Team One Chevrolet of Gadsden ("TOC") with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2019-00886.  **(Attached herein as Exhibit A).**[1]

---

[1] Plaintiff has filed two additional charges of discrimination for subsequent retaliation and hostile work environment since filing his original charge of discrimination.  Plaintiff has not yet received his Right to Sue with respect to these two additional charges.  Plaintiff intends to request leave of this Court to Amend this Complaint to include these claims once he receives his Notice of Right to Sue for these claims.

4. On November 7, 2019, the EEOC mailed Plaintiff a Notice of Right to Sue. This Right to Sue was received by Plaintiff via U.S. Mail on or about November 9, 2019. **(Attached herein as Exhibit B).**

5. Plaintiff timely filed this action within ninety (90) days of his receipt of the Notice of Right to Sue pursuant to Title VII.

6. Defendants are located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Jammy Thomas is an African-American male over the age of nineteen years and a resident of Calhoun County, Alabama. Plaintiff was employed by the Defendants from October 2012 until July 2016 and then again from February 1, 2017 and currently remains employed by Defendants.

8. Defendant Greenway is a corporation headquartered in Orlando, Florida. Defendant Greenway operates and manages vehicle dealerships throughout the Southeast. On information and belief, Defendant operates a dealership in Gadsden, Alabama doing business as Team One Chevrolet of Gadsden ("TOC"). At all times relevant to this action, Defendants have maintained and operated a business in Gadsden, Alabama at which Plaintiff was employed.

9. On information and belief, Defendant Meighan Auto Acquisitions, Inc. ("MAA") is a division of Defendant Greenway. If MAA is a legally distinct entity separate from Greenway, it was at all times the employer of Plaintiff as contemplated by Title VII.

10. Defendants are engaged in an industry affecting commerce and have fifteen (15) or more employees or employers within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

## FACTUAL ALLEGATIONS

11. Plaintiff Jammy Thomas is an African-American male that began his employment with Defendants at their Gadsden, Alabama location on October 2012 until July 2016 and then again from February 1, 2017 and currently remains employed by Defendants.

12. At all relevant times, Mr. Thomas was employed by Defendants as a Sales Consultant at their Gadsden, Alabama dealership.

13. In July 2016, Mr. Thomas resigned his position from the dealership due to his concerns of discriminatory practices and racial harassment.

14. Mr. Thomas returned to employment with the dealership in February 1, 2017, after then management assured him that the prior issues of racial discrimination and harassment would no longer be a problem.

15. In 2018, Mr. Thomas applied for and was interviewed for the position of Finance Manager.

16. The position of Finance Manager would have been a promotion for Mr. Thomas in job duties and responsibilities, title, and a significant increase in income.

17. Mr. Thomas was the only African-American candidate for the position of Finance Manager. The other three candidates were Caucasian.

18. Despite being substantially more qualified than the Caucasian male who obtained the position of Finance Manager, Mr. Thomas was rejected from the position on the basis of his race.

19. At the time Mr. Thomas was denied the Finance Manager position and continuing to present, there were no African-Americans in management at the Gadsden dealership.

20. During his tenure with the Defendants, Mr. Thomas has regularly been subjected to racial harassment and racially discriminatory behavior by management creating a hostile work environment.

21. Mr. Thomas had made numerous complaints to management and human resources of the Defendants informing them of racial harassment and discriminatory practices, however, Defendants have failed to prevent and remedy this conduct.

22.     Mr. Thomas has been forced to witness numerous racially offensive comments made by employees of Defendants in the workplace including, but not limited to, the following: a Caucasian salesman referring to someone as a "nigger lover," manager and employees referring to African-American customers as "them people" and "those people," referring to Mr. Thomas as "Big Boy," and an incident in which one of the sales managers with supervisory responsibility for Mr. Thomas placed a hood on his head in an effort to imitate a member of the Ku Klux Klan while other management members laughed at his offensive conduct.

23.     After filing his charge of discrimination with the EEOC in March 2019, Mr. Thomas was subjected to severe retaliation in the form of humiliating treatment by his managers and by attempts to deprive him of sales compensation.

24.     On April 22, 2019, less than a month after filing his charge of discrimination, Mr. Thomas was verbally berated and humiliated in front of a customer on the showroom floor.  During this incident, the manager referred to Mr. Thomas as a "Big Boy."

25.     This retaliatory conduct directed towards Mr. Thomas was so severe that the customer complained regarding the abusive conduct to Defendants' management.

26. On other occasions after filing his charge of discrimination with the EEOC, Mr. Thomas suffered verbal harassing conduct by his managers including efforts to humiliate him in front of co-workers and customers.

27. Mr. Thomas has had sales taken from him by Caucasian sales managers and sales consultants, violating policy and customary practices at the dealership with respect to the handling of potential customers who have pre-existing relationships with sales consultants.

28. On information and belief, similarly situated Caucasian consultants have not been subjected to repeated violations of this sales policy and practice.

29. Since filing his charge of discrimination, Mr. Thomas has been targeted with discipline, treated less favorably and subjected to different working conditions than his Caucasian co-workers.

30. Plaintiff has been denied opportunities for training and advancement that were offered to his similarly situated Caucasian co-workers.

31. Plaintiff was discriminated against and treated differently by Defendants because of his race, African-American, in violation of Title VII and 42 U.S.C. § 1981.

32. Plaintiff was retaliated against by Defendants in violation of Title VII and 42 U.S.C. § 1981 for engaging in the protected activity of opposing unlawful race discrimination in the workplace.

## COUNT ONE — SECTION 1981 RACE DISCRIMINATION
### (Failure to Promote)

33.  Plaintiff realleges, incorporates, and adopts by reference the preceding paragraphs of the Complaint.

34.  This is a claim against Defendants to redress the unlawful employment practice of racial discrimination protected by 42 U.S.C. §1981.

35.  This is a claim against Defendants for the intentional and illegal discrimination of Plaintiff, because of his race (African-American).

36.  Plaintiff is an African-American and a member of a protected minority class.

37.  Plaintiff applied for and was the only African-American candidate for the position of Finance Manager. The other three candidates were Caucasian.

38.  The Finance Manager position was a promotion for Plaintiff in terms of responsibility, job duties, and compensation.

39.  Despite being substantially more qualified than the Caucasian male who obtained the position of Finance Manager, Plaintiff was rejected from the position on the basis of his race.

40.  Defendants did not follow their own policies and procedure with respect to the hiring and promotion process, job qualifications and criteria and, in

doing so, treated Plaintiff less favorably than similarly situated Caucasian employees.

41.     As a proximate result of Defendants' unlawful and intentional discrimination, Plaintiff suffered loss of pay and benefits, financial loss, economic loss, shame, humiliation and emotional distress.

42.     Plaintiff seeks declaratory and injunctive relief, an award of compensatory and punitive damages for mental anguish, injunctive relief, back pay, front pay, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

## COUNT TWO — SECTION 1981 RACE DISCRIMINATION
### (Hostile Work Environment)

43.     Plaintiff realleges, incorporates, and adopts by reference the preceding paragraphs of the Complaint.

44.     This is a claim against Defendants to redress the unlawful employment practice of racial discrimination protected by 42 U.S.C. §1981.

45.     Plaintiff is an African-American and a member of a protected minority class.

46.     During his tenure with the Defendants, Plaintiff has regularly been subjected to racial harassment and racially discriminatory behavior by management creating a hostile work environment.

47. Plaintiff has been subjected to additional scrutiny by management, discipline, abusive behavior and efforts to sabotage his livelihood with diversion of sales and deceptive acts leading to reduced compensation.

48. Plaintiff had made numerous complaints to management and human resources of the Defendants informing them of racial harassment and discriminatory practices, however, Defendants have failed to prevent and remedy this conduct.

49. Defendants, through their employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

50. As a proximate result of Defendants' unlawful and intentional discrimination, Plaintiff suffered loss of pay and benefits, financial loss, economic loss, shame, humiliation and emotional distress.

51. Plaintiff seeks declaratory and injunctive relief, an award of compensatory and punitive damages for mental anguish, back pay, front pay, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

### COUNT THREE — SECTION 1981 RETALIATION
### (Retaliation)

52. Plaintiff realleges, incorporates, and adopts by reference the preceding paragraphs.

53. There existed an employer-employee relationship between the Plaintiff and Defendants.

54. Plaintiff exercised his statutory rights under 42 U.S.C. §1981 by complaining to Defendants about race discrimination in the workplace and by filing a charge of discrimination with the EEOC.

55. On multiple occasions, Plaintiff reported racial discrimination and disparate treatment based on race to management and Human Resources.

56. Shortly after Plaintiff's racial discrimination complaints and the filing of his EEOC charge, Defendants began retaliating against him.

57. Defendants engaged in retaliatory conduct including efforts to humiliate and disparage Plaintiff in front of customers and co-workers, violating company polies to deprive him of compensation, deny him training opportunities, and to scrutinize his performance and discipline in a manner less favorably than his Caucasian co-workers.

58. The Defendants' retaliatory conduct proximately caused Plaintiff to suffer loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which he claims damages.

59. Plaintiff seeks declaratory relief, an award of compensatory and punitive damages for mental anguish, back pay, front pay, injunctive relief, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

### COUNT FOUR — TITLE VII RACE DISCRIMINATION
**(Failure to Promote)**

60. Plaintiff realleges, incorporates, and adopts by reference the preceding paragraphs of the Complaint.

61. This is a claim against Defendants to redress the unlawful employment practice of racial discrimination protected by Title VII.

62. This is a claim against Defendants for the intentional and illegal discrimination of Plaintiff, because of his race (African-American).

63. Plaintiff is an African-American and a member of a protected minority class.

64. Plaintiff applied for and was the only African-American candidate for the position of Finance Manager. The other three candidates were Caucasian.

65. The Finance Manager position was a promotion for Plaintiff in terms of responsibility, job duties, and compensation.

66. Despite being substantially more qualified than the Caucasian male who obtained the position of Finance Manager, Plaintiff was rejected from the position on the basis of his race.

67. Defendants did not follow their own policies and procedure with respect to the hiring and promotion process, job qualifications and criteria and, in doing so, treated Plaintiff less favorably than similarly situated Caucasian employees.

68. As a proximate result of Defendants' unlawful and intentional discrimination, Plaintiff suffered loss of pay and benefits, financial loss, economic loss, shame, humiliation and emotional distress.

69. Plaintiff seeks declaratory and injunctive relief, an award of compensatory and punitive damages for mental anguish, injunctive relief, back pay, front pay, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

## COUNT FIVE— TITLE VII RACE DISCRIMINATION
### (Hostile Work Environment)

70. Plaintiff realleges, incorporates, and adopts by reference the preceding paragraphs of the Complaint.

71. This is a claim against Defendants to redress the unlawful employment practice of racial discrimination protected by Title VII.

72. Plaintiff is an African-American and a member of a protected minority class.

73. During his tenure with the Defendants, Plaintiff has been regularly subjected to racial harassment and racially discriminatory behavior by management creating a hostile work environment.

74. Plaintiff has been subjected to additional scrutiny by management, discipline, abusive behavior and efforts to sabotage his livelihood with diversion of sales and deceptive acts leading to reduced compensation.

75. Plaintiff had made numerous complaints to management and human resources of the Defendants informing them of racial harassment and discriminatory practices, however, Defendants have failed to prevent and remedy this conduct.

76. Defendants, through their employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

77. As a proximate result of Defendants' unlawful and intentional discrimination, Plaintiff suffered loss of pay and benefits, financial loss, economic loss, shame, humiliation and emotional distress.

78. Plaintiff seeks declaratory and injunctive relief, an award of compensatory and punitive damages for mental anguish, back pay, front pay, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

### COUNT SIX — TITLE VII RETALIATION
**(Retaliation)**

79. Plaintiff realleges, incorporates, and adopts by reference the preceding paragraphs.

80. There existed an employer-employee relationship between the Plaintiff and Defendants.

81. Plaintiff exercised his statutory rights under Title VII by complaining to Defendants about race discrimination in the workplace and by filing a charge of discrimination with the EEOC.

82. On multiple occasions, Plaintiff reported racial discrimination and disparate treatment based on race to management and Human Resources.

83. Shortly after Plaintiff's racial discrimination complaints and the filing of his EEOC charge, Defendants began retaliating against him.

84. Defendants engaged in retaliatory conduct including efforts to humiliate and disparage Plaintiff in front of customers and co-workers, violating company polies to deprive him of compensation, deny him training opportunities, and to scrutinize his performance and discipline in a manner less favorably than his Caucasian co-workers.

85. Defendants' retaliatory conduct proximately caused Plaintiff to suffer loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which he claims damages.

86. Plaintiff seeks declaratory relief, an award of compensatory and punitive damages for mental anguish, back pay, front pay, injunctive relief, costs, attorneys' fees, and any and all such further relief as the trier of fact may assess.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

DONE this the **6th** day of February, 2020.

        Respectfully Submitted,

        */s/ William B. Beckum*
        William B. Beckum (ASB-4222-I70B)
        *Attorney for Plaintiff*

        */s/ Brooke R. Davis*
        Brooke R. Davis (ASB-6984-L36N)
        *Attorney for Plaintiff*

**OF COUNSEL:**

**BECKUM LAW LLC**
3184 Cahaba Heights Rd.
Birmingham, Alabama 35243
Tel: (205) 588-0699

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**

**Defendant Greenway Automotive, Inc. d/b/a Team One Chevrolet of Gadsden**
9001 East Colonial Drive
Orlando, FL 32817

**Defendant Meighan Auto Acquisitions, Inc.**
By serving its registered agent:
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104